[Cite as *State v. Mitchell*, 2012-Ohio-701.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No.   96916

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## DERRELL MITCHELL

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-547767

**BEFORE:**   Boyle, P.J., Celebrezze, J., and Jones, J.

**RELEASED AND JOURNALIZED:**   February 23, 2012

**ATTORNEY FOR APPELLANT**

Kelly A. Gallagher
P.O. Box 306
Avon Lake, Ohio   44012

**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor
BY:   Jeffrey S. Schnatter
Assistant County Prosecutor
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

MARY J. BOYLE, P.J.:

{¶1}    Defendant-appellant, Derrell Mitchell, appeals his sentence.   He raises a sole assignment of error for our review, claiming that his "sentence is contrary to law and violative of due process because the trial court failed to consider whether the sentence was consistent with the sentences imposed for similar crimes committed by similar offenders."   Finding no merit to the appeal, we affirm.

{¶2} The grand jury indicted Mitchell on 11 counts: aggravated murder (Count 1), murder (Count 2), two counts of attempted murder (Counts 3 and 4), six counts of aggravated robbery (Counts 5 - 10), and having a weapon while under a disability (Count 11).   All of the counts carried one- and three-year firearm specifications, notice of prior conviction specifications, and repeat violent offender specifications, except having a weapon while under disability, which only carried the one- and three-year firearm specifications.

{¶3} Mitchell waived his right to a jury on the charge of having a weapon while under a disability, as well as the repeat violent offender specification.   The remaining charges and specifications were tried to a jury.

{¶4} On March 29, 2011, the jury found Mitchell not guilty of aggravated murder and the lesser included offense of murder (as charged in Count 1), and not guilty of the two counts of attempted murder (Counts 3 and 4). A mistrial was declared on Count 2, murder, and all of the aggravated robbery counts. After a bench trial on the charge of having a weapon while under a disability with the firearm specifications, the trial court found Mitchell guilty.

{¶5} Upon the recommendation of the state, the trial court amended Count 2 to involuntary manslaughter with the one- and three-year firearm specifications, notice of prior conviction specification, and repeat violent offender specification. Mitchell pleaded guilty to Count 2 as amended. The remaining aggravated robbery counts were nolled by the court.

{¶6} The trial court sentenced Mitchell to ten years in prison; three years for the firearm specifications, to be served prior to and consecutive to the other terms, and seven years for involuntary manslaughter, to be served concurrent to three years for having a weapon while under a disability. The trial court further ordered that the ten years be served consecutive to a sentence Mitchell received in a separate case, for a total of ten years and six months in prison. The trial court further advised Mitchell that he would be subject to five years of postrelease control upon his release from prison.

{¶7} It is from this judgment that Mitchell appeals, claiming the trial court erred when it sentenced him without considering the consistency and proportionality of his sentence to similar offenders.

{¶8} We review felony sentences pursuant to a two-prong standard set forth by the Ohio Supreme Court in *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124. In *Kalish*, the court held that:

In applying [*State v. Foster*,109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470] to the existing statutes, appellate courts must apply a two-step approach. First, they must examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law. If this first prong is satisfied, the trial court's decision shall be reviewed under an abuse-of-discretion standard. Id. at ¶ 4, 845 N.E.2d 470.

{¶9} Mitchell maintains that the trial court did not comply with the mandates of R.C. 2929.11 when it sentenced him. Specifically, he maintains that the trial court did not sentence him proportionately to the crimes committed or proportionately to similarly situated offenders.

{¶10} Under R.C. 2929.11(B), a felony sentence must be, as relevant to this appeal, "consistent with sentences imposed for similar crimes committed by similar offenders."

{¶11} But this court has held that in order to support a contention that his or her sentence is disproportionate, a defendant must raise this issue before the trial court and present some evidence, however minimal, in order to provide a starting point for analysis and to preserve the issue for appeal. *State v. Breeden*, 8th Dist. No. 84663, 2005-Ohio-510, 2005 WL 315370, ¶ 80, citing *State v. Woods*, 8th Dist. No. 82789, 2004-Ohio-2700, 2004 WL 1172077. Mitchell did not raise this issue with the trial court nor did he present any evidence to the trial court. Thus, there is nothing in the record to indicate that his sentence is impermissibly disproportionate.

{¶12} Mitchell's sole assignment of error is overruled.

{¶13} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed,

any bail pending appeal is terminated.  Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

MARY J. BOYLE, PRESIDING JUDGE

FRANK D. CELEBREZZE, JR., J., and LARRY A. JONES, J., CONCUR