[Cite as *State v. Wright*, 2012-Ohio-1039.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 95634**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## WILLIAM WRIGHT

DEFENDANT-APPELLANT

# JUDGMENT:
# APPLICATION DENIED

Cuyahoga County Common Pleas Court
Case No. CR-534039
Application for Reopening
Motion No. 448653

**RELEASE DATE:** March 9, 2012

**ATTORNEY FOR APPELLANT**

Ryan Kay
12434 Cedar Rd., Ste. 6
Cleveland, OH   44106

**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

By:   Matthew E. Meyer
Assistant Prosecuting Attorney
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, OH   44113

MARY J. BOYLE, P.J.:

{¶1} On October 18, 2011, the applicant, William Wright, pursuant to App.R. 26(B) and *State v. Murnahan*, 63 Ohio St.3d 60, 584 N.E.2d 1204 (1992), applied to reopen this court's judgment in *State v. Wright*, 8th Dist. No. 95634, 2011-Ohio-3583, 2011 WL 2899365, in which this court affirmed Wright's four-year sentence for one count of having weapons under disability. Wright maintains that his appellate counsel was deficient for not insuring that the transcript of the sentencing hearing was transmitted to the Court of Appeals. On November 17, 2011, the state of Ohio filed its brief in opposition. For the following reasons, this court denies the application to reopen.

{¶2} Wright had previously been convicted of a drug offense, tampering with records, and forgery, and he had completely served his sentences for those offenses. In February 2010, he was living with his girlfriend and his two children at his girlfriend's house. He was working with a friend, Loren Webb, at the home, when Webb signed for and accepted a package which contained drugs. Shortly thereafter, Cleveland police officers entered the home and arrested the adult occupants. The police asked if there was anything in the house they should know about, and Wright told them there were firearms locked in a safe in the attic, but he did not have the keys.[1]

---

[1] The weapons had belonged to the girlfriend's deceased father.

{¶3} The grand jury indicted Wright for drug possession, drug trafficking, possession of criminal tools, having weapons under disability, and child endangerment. Wright pleaded guilty to child endangerment and having weapons under disability, and the trial judge sentenced him to four years for the weapons charge and a $250 fine for child endangerment. On appeal, counsel had the sentencing transcript prepared as a supplemental record and filed with the clerk of the trial court. However, the clerk did not transmit the transcript to this court. Appellate counsel argued that the trial court had abused its discretion in imposing a four-year sentence. This court affirmed because of the presumption of regularity in the absence of a transcript, and because the trial judge had stated in the sentencing entry that she had considered the purposes of sentencing and had imposed a sentence within the allowable range for a third degree felony. Wright now argues that his appellate counsel was deficient for failing to provide the transcript so this court could have a full record in determining the assignment of error.

{¶4} In order to establish a claim of ineffective assistance of appellate counsel, the applicant must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced the defense. Prejudice means that but for the unreasonable error there is a reasonable probability that the results of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. A court need not determine whether counsel's performance was deficient before examining prejudice suffered by the defendant as a result of alleged deficiencies. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); and *State v. Reed*, 74 Ohio St.3d 534, 660 N.E.2d 456 (1996).

{¶5} Assuming *arguendo* that appellate counsel's failure to ensure the transmission of the record was deficient performance, Wright has not established prejudice, that the outcome of the appeal would have been different. In *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, the Supreme Court of Ohio established a two-step approach for determining the propriety of a sentence. First, the appellate court must examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law. If the first step is satisfied, the appellate court then reviews the sentence under an abuse of discretion standard. Abuse of discretion is more than error of law or judgment. It implies that the court's attitude is unreasonable, arbitrary or unconscionable.

{¶6} As this court has already determined, the four-year sentence is within the allowable range for a third degree felony and is not contrary to law. Thus, Wright must establish that the sentence is an abuse of discretion.

{¶7} In reviewing Wright's application, this court has examined the copy of the sentencing transcript which Wright attached. He marshals the facts into a strong argument. The trial judge did state her reasoning for the sentence. She imposed the same four-year sentence on Webb, the co-defendant, for a second degree felony.[2] Wright's conduct was a lesser form of the offense, because the weapons were not his, they were locked up, and he did not have immediate access to them. The presentencing report recommended intensive probation. The judge suspended Wrights's driver's license which was inappropriate to this case.[3] Finally, Wright was trying to lead a responsible life, supporting his extended family, and obtaining a job and education.

---

[2] However, Wright did not argue proportionality before the trial court. This court has held that in order to support a proportionality argument, "a defendant must raise this issue before the trial court and present some evidence, however minimal, in order to provide a starting point for analysis and to preserve the issue for appeal." *State v. Mitchell*, 8th Dist. No. 96916, 2012-Ohio-701, 2012 WL 589487, ¶ 11.

[3] This issue had become moot by the time of appellate review.

**{¶8}** Nevertheless, this court does not conclude that the trial court abused its discretion. In the sentencing entry the judge stated she considered all the required factors. Pursuant to R.C. 2929.11 and 2929.12, these include deterring the offender and others from future crime, and the likelihood that the offender will commit future crimes. Despite being convicted of multiple offenses, Wright appeared reckless in his compliance with the law, with drug offenses and weapons offenses occurring in his home with his children present. Given these factors, this court cannot conclude that the this allowable, non-maximum sentence was an abuse of discretion. Having the transcript of the sentencing hearing would not have made a difference in the outcome of the appeal. Wright does not establish prejudice to show ineffective assistance of appellate counsel.

**{¶9}** Accordingly, this court denies the application.

MARY J. BOYLE, PRESIDING JUDGE

FRANK D. CELEBREZZE, JR., J., and
JAMES J. SWEENEY, J., CONCUR