[Cite as *State v. Wilson*, 2012-Ohio-4153.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 97657

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## ERIC WILSON

DEFENDANT-APPELLANT

---

## JUDGMENT:
## AFFIRMED IN PART, REVERSED
## IN PART, AND REMANDED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-547774, CR-550742, and CR-554517

**BEFORE:** Cooney, J., Stewart, P.J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** September 13, 2012

**ATTORNEY FOR APPELLANT**

Joseph Vincent Pagano
P.O. Box 16869
Rocky River, Ohio 44116


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

By: Scott Zarzycki
Assistant County Prosecutor
9th Floor, Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

COLLEEN CONWAY COONEY, J.:

{¶1} Defendant-appellant, Eric Wilson ("Wilson"), appeals his convictions and sentences for sexual battery, attempted rape, and failure to provide notice of a change of address. Finding some merit to the appeal, we affirm in part, reverse in part, and vacate one of Wilson's convictions.

{¶2} This appeal involves convictions and sentences in three separate criminal cases. In CR-547774, Wilson was charged with failure to provide a notice of change of address in violation of R.C. 2950.05(F)(1), a provision contained in Ohio's Adam Walsh Act ("AWA"). Wilson pled guilty to attempted failure to provide notice of change of address and agreed to reimburse the State for extradition costs of $332.50. The charge in this indictment was predicated on Wilson's 2002 attempted rape conviction for which he was classified a sexually oriented offender under Megan's Law.

{¶3} In CR-550742, Wilson was charged with 11 counts of rape of a child under 13 years of age, and nine counts of kidnapping with sexual motivation and sexually violent predator specifications. He pled guilty to one count of sexual battery pursuant to R.C. 2907.03(A)(1). The State nolled all remaining counts and the sexually violent predator specifications.

{¶4} In CR-554517, Wilson was charged with five counts of kidnapping, five counts of gross sexual imposition ("GSI"), and five counts of rape of a child under 13

years of age. The kidnapping charges included sexual motivation and sexually violent predator specifications. The rape and GSI charges also included sexually violent predator specifications. Wilson pled guilty to attempted rape pursuant to R.C. 2907.02(A)(1)(b) and 2923.02. The State nolled all the specifications and remaining counts. The court classified him a Tier III sex offender under the AWA.

{¶5} Prior to sentencing, the court referred Wilson to the psychiatric clinic and probation department for testing and reports. In November 2011, the court sentenced Wilson to the maximum prison term of eight years for attempted rape, the maximum prison term of five years for sexual battery, and the maximum of three years in prison for failure to provide notice of change of address. The court ordered him to serve each sentence consecutively for an aggregate 16-year prison term. Wilson now appeals, raising two assignments of error.

<u>Failure to Notify of Change of Address</u>

{¶6} In his first assignment of error, Wilson argues his failure to provide notice of change of address conviction in CR-547774 must be vacated because it was based on an unlawful application of the AWA. He contends the State unlawfully charged him with violating the reporting provisions of the AWA when the predicate offense subjected him to reporting requirements under Megan's Law. We agree.

{¶7} We recently addressed this issue in *State v. Brunning*, 8th Dist. No. 95376, 2011-Ohio-1936, which is currently pending in the Ohio Supreme Court.[1] In *Brunning*,

---

[1] Oral argument was heard on April 25, 2012, but no decision has been released.

the defendant, who had the duty to register under Megan's Law, was charged with failure to notify the sheriff of a change of address in violation of the Adam Walsh Act ("AWA"). We held that Brunning's conviction, which arose from reporting violations under the AWA, is contrary to law. *Id.* at ¶ 11. In reaching this conclusion, we noted that the Ohio Supreme Court held that reclassification under the AWA is unconstitutional if offenders had a duty to report from a prior court order under Megan's Law. *State v. Bodyke*, 126 Ohio St.3d 266, 2010-Ohio-2424, 933 N.E.2d 753, ¶ 22. Therefore, "any report violation based on an AWA registration requirement that is inapplicable to the defendant is unlawful." *Brunning* at ¶ 8, citing *State v. Gingell*, 128 Ohio St.3d 444, 2011-Ohio-1481, 946 N.E.2d 192 (reversing defendant's conviction for failing to verify residency under the heightened AWA standards). Therefore, because Wilson's failure to provide notice of change of address conviction is based on a violation of AWA registration requirements, it is unlawful and must be vacated.

{¶8} Accordingly, the first assignment of error is sustained.

<u>Sentencing</u>

{¶9} In his second assignment of error, Wilson argues the trial court erred in imposing maximum consecutive sentences. He contends the trial court failed to make the statutory findings required for maximum sentences and that the maximum consecutive sentences are disproportionate to sentences imposed on similar offenders. We disagree.

{¶10} A felony sentence should be reasonably calculated to achieve the purposes of sentencing, which are to protect the public from future crimes by the offender and to

punish the offender. R.C. 2929.11. The sentence should also be commensurate with the seriousness of the offender's conduct, recognize the impact on the victim, and be consistent with sentences imposed for similar crimes committed by similar offenders. *Id.* An appellate court should not, however, substitute its judgment for that of the trial court because the trial court is "clearly in the better position to judge the defendant's dangerousness and to ascertain the effect of the crimes on the victims." *State v. Jones,* 93 Ohio St.3d 391, 400, 2001-Ohio-1341, 754 N.E.2d 1252.

{¶11} The Ohio Supreme Court has identified a two-step process for appellate review of felony sentences. *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, ¶ 14. First, we must determine whether the prison sentences were contrary to law. *Kalish* at ¶ 14. If the sentences were not contrary to law, we must review them to determine whether the trial court abused its discretion in selecting sentences within the range permitted by statute. *Id*. at ¶ 17.

{¶12} With respect to consecutive sentences, R.C. 2929.14(C)(4) provides:

(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶13} Under R.C. 2929.14(C)(4), the trial court must state its findings in support of consecutive sentences on the record at the sentencing hearing. *State v. Comer*, 99 Ohio St.3d 463, 2003-Ohio-4165, 793 N.E.2d 473, paragraph one of the syllabus. However, it is not required to recite any "magic" or "talismanic" words when imposing consecutive sentences provided it is "clear from the record that the trial court engaged in the appropriate analysis." *State v. Murrin*, 8th Dist. No. 83714, 2004-Ohio-3962, ¶ 12. An appellate court may only sustain an assignment of error challenging the imposition of consecutive sentences under R.C. 2929.14 if the appellant shows that the judgment was clearly and convincingly contrary to law. R.C. 2953.08(G).

{¶14} The trial court articulated the appropriate findings required by R.C. 2929.14(C)(4) and considered the purposes of felony sentencing set forth in R.C. 2929.11. The trial court found that the harm caused by the multiple offenses was so great that no single prison term would adequately reflect the seriousness of Wilson's conduct. The trial court stated, "In case number 554517, the maximum term of incarceration of eight years, this court feels is not sufficient to cover all the crimes committed by this gentleman represented by three separate file jackets." The court stated it believed that

maximum consecutive sentences were necessary to punish Wilson and to protect the public from future crime "given his history and his danger to child victims." The court noted that it considered test results in a mitigation report indicating that Wilson had a high risk for recidivism. Thus, the trial court made the necessary statutory findings to impose maximum, consecutive sentences.

**{¶15}** Wilson also argues the consecutive prison sentence is disproportionate to sentences imposed on similarly situated offenders. However, he never raised this issue at sentencing nor did he ask the court to conduct a proportionality review. This court has held that "in order to support a contention that his or her sentence is disproportionate, a defendant must raise this issue before the trial court and present some evidence, however minimal, in order to provide a starting point for analysis and to preserve the issue for appeal." *State v. Mitchell*, 8th Dist. No. 96916, 2012-Ohio-701, citing *State v. Breeden*, 8th Dist. No. 84663, 2005-Ohio-510, ¶ 80, citing *State v. Woods*, 8th Dist. No. 82789, 2004-Ohio-2700. Because Wilson did not raise this issue or present any evidence to the trial court, there is nothing in the record to indicate that his sentence is impermissibly disproportionate.

**{¶16}** Therefore, the second assignment of error is overruled.

**{¶17}** Judgment is affirmed in part and reversed in part. Case No. CR-547774 is remanded for the trial court to vacate the conviction for Wilson's failure to provide notice of change of address consistent with *Brunning*.

It is ordered that appellant and appellee share the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
COLLEEN CONWAY COONEY, JUDGE

MELODY J. STEWART, P.J., and
SEAN C. GALLAGHER, J., CONCUR