[Cite as *State v. Galindo-Barjas*, 2013-Ohio-431.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | ) | CASE NO. 12 MA 37 |
| | ) | |
| PLAINTIFF-APPELLEE | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| VICTOR M. GALINDO-BARJAS | ) | |
| | ) | |
| DEFENDANT-APPELLANT | ) | |

CHARACTER OF PROCEEDINGS:          Criminal Appeal from the Court of
Common Pleas of Mahoning County,
Ohio
Case No. 11 CR 833

JUDGMENT:          Affirmed.

APPEARANCES:

For Plaintiff-Appellee:          Atty. Paul J. Gains
Mahoning County Prosecutor
Atty. Ralph M. Rivera
Assistant Prosecuting Attorney
21 West Boardman Street, 6th Floor
Youngstown, Ohio 44503

For Defendant-Appellant:          Atty. Anthony Meranto
Atty. Louis Defabio
4822 Market Street, Suite 220
Youngstown, Ohio 44512

JUDGES:

Hon. Cheryl L. Waite
Hon. Gene Donofrio
Hon. Mary DeGenaro

Dated: February 5, 2013

WAITE, J.

{¶1}   Appellant Victor M. Galindo-Barjas appeals his felony sentence of two consecutive four-year prison terms after pleading guilty to two counts of aggravated vehicular assault, third degree felonies, and one count of operating a motor vehicle under the influence of alcohol ("OMVI"), a first degree misdemeanor.  The trial court sentenced Appellant to less than the ten-year prison term recommended by the prosecutor.   Appellant argues that the court abused its discretion by basing its sentence on the harm to victim when "serious physical harm" was already a part of the definition of aggravated vehicular assault.  Appellant argues that the court cannot use an element of the crimes as a factor supporting consecutive sentences.  In this instance, we cannot agree.  Even though "serious physical harm" is an element of aggravated vehicular assault, there is a range of harm possible within the concept of what constitutes "serious physical harm."  The court was permitted to consider the kind and extent of harm to the victim as a basis for the sentence even though it forms an element of the crime as well.  Appellant's further assertion that the trial court failed to consider any other relevant factor is mere speculation that is not supported by the record.

{¶2}   Appellant also contends that the imposition of consecutive sentences was incorrect because the court did not give reasons to support consecutive sentences.  Appellant seems to be aware that, under the newly enacted sentencing statutes, the trial court must make certain findings before imposing consecutive sentences, but the law does not require the judge to articulate reasons in support of

the findings. The record reflects that the court made the necessary findings. The judgment of the trial court is affirmed.

{¶3} On July 25, 2011, Appellant was involved in a head-on car collision. There were two people in the other vehicle, and they suffered severe injuries from the accident. Appellant was intoxicated at the time. He was indicted on November 16, 2011. Appellant pleaded guilty to two counts of aggravated vehicular assault, R.C. 2903.08(A)(1)(a), a third degree felony, and one count of OMVI, R.C. 4511.19(A)(1)(a), a first degree misdemeanor. One of the terms of the plea was that the prosecutor would recommend a ten-year prison term, signifying maximum consecutive prison terms for the two felonies.

{¶4} On January 27, 2012, the trial court held a sentencing hearing. One of the victims, Lauren Carissimi, testified at the hearing about the extent of her injuries. She sustained a broken humerus bone, torn neck ligaments, and suffered radial nerve palsy. (1/27/12 Tr., p. 4.) She testified that the accident "caused unspeakable, unthinkable, unimaginable despair, pain, suffering, deep grief emotionally and physically to me and everyone around me, and it is very difficult for me to put it into words." (1/27/12 Tr., p. 5.) She thought she was going to die. She was hospitalized and endured surgery. She has had both physical and psychological therapy because of the accident. She also stated that her boyfriend's injuries "were far worse than mine." (1/27/12 Tr., p. 4.) She requested imposition of the maximum possible punishment for the crime.

**{¶5}** The other victim, Bruce Alan Minnotti, Jr., testified that he has lasting physical scars from his injuries, which included a broken elbow, broken pelvis, dislocated ankle, broken bones in his foot, nerve and ligament damage, and "indescribable pain." (1/27/12 Tr., pp. 7-8.) He has a permanent limp, can no longer run, cannot work, and spends much of his life in bed because of the accident. His schooling has been set back at least one year due to the accident. He also described the emotional and financial toll he has endured from the accident.

**{¶6}** The court sentenced Appellant to two prison terms of four years each for the two felony counts, to be served consecutively, and 180 days in jail for OMVI, to be served concurrently. The court included the statutory findings required to impose consecutive prison terms as set forth in newly revised R.C. 2929.14(C)(4). The court's judgment entry was filed January 31, 2012, and this timely appeal followed.

<u>ASSIGNMENT OF ERROR</u>

THE TRIAL COURT'S SENTENCE OF TWO (2) CONSECUTIVE FOUR (4) YEAR TERMS OF IMPRISONMENT WAS CONTRARY TO LAW AND CONSTITUTED AN ABUSE OF DISCRETION.

**{¶7}** Appellant asserts two sentencing errors under this assignment. First, he argues that the trial court abused its discretion by considering an element of the crime as an aggravating sentencing factor. Appellant states that the trial court imposed consecutive sentences based on the serious physical harm suffered by the victims, even though "serious physical harm" is one of the elements of aggravated

vehicular assault. Appellant contends that a court cannot use an essential element of a crime as a factor to enhance a sentence beyond the minimum sentence. Appellant also argues that the trial court failed to give reasons to support the consecutive sentences, hence, concurrent sentences should be imposed. Neither argument is persuasive.

{¶8} We review felony sentences using both the "clearly and convincingly contrary to law" standard and the "abuse of discretion" standard. *State v. Gratz*, 7th Dist. No. 08MA101, 2009-Ohio-695, ¶8; *State v. Gray*, 7th Dist. No. 07MA156, 2008-Ohio-6591, ¶17. The reviewing court first determines whether the sentencing court complied with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law. *Gratz* at ¶8, citing *State v. Kalish*, 120 Ohio St .3d 23, 2008-Ohio-4912, 896 N.E.2d 124, ¶13-14. Then, if the sentence is not clearly and convincingly contrary to law, the reviewing court must determine whether the sentencing court abused its discretion in applying the factors in R.C. 2929.11, R.C. 2929.12, or any other applicable statute. *Gratz* at ¶8, citing *Kalish* at ¶17.

{¶9} R.C. 2929.12(B) and (C) contain various factors that the trial court must consider in determining whether a defendant's conduct is more or less serious than conduct normally constituting the offense. The trial court is not confined only to the factors listed in the statute and may consider "any other relevant factors". R.C. 2929.12(B). Appellant contends that the only factor the trial court relied on in sentencing is found in R.C. 2929.12(B)(2), namely, "[t]he victim of the offense

suffered serious physical, psychological, or economic harm as a result of the offense." This assumption is not borne out by the record. The sentencing transcript indicates that the trial judge considered the presentence investigation, the sentences handed out in other similar cases, and "the factors contained in Section 2929 of the Revised Code". (1/27/12 Tr., p. 18.)

{¶10} Assuming for the sake of argument that the judge did consider only one factor at sentencing, Appellant further contends that the court should not have relied on serious physical harm to enhance the sentence because it is part of the definition of the crime. Aggravated vehicular assault is defined in R.C. 2903.08(A) as:

No person, while operating or participating in the operation of a motor vehicle, motorcycle, snowmobile, locomotive, watercraft, or aircraft, *shall cause serious physical harm to another person* or another's unborn in any of the following ways:

(1)(a) As the proximate result of committing a violation of division (A) of section 4511.19 of the Revised Code or of a substantially equivalent municipal ordinance; (Emphasis added.)

{¶11} Appellant submits that to enhance a sentence, the court must look to some fact beyond or besides one which comprises a basic element of the crime. In some instances, Appellant would be correct. He cites *State v. Stroud*, 7th Dist. No. 07 MA 91, 2008-Ohio-3187, in support. In *Stroud*, the defendant was convicted of voluntary manslaughter. An element of the offense is that the defendant knowingly caused the death of another. The trial court sentenced the defendant to the

maximum prison term because he caused a death. We held that the trial court could not have considered the crime the "worst form of the offense" based on the fact that a life had been taken when this was a basic element of the offense itself. *Id.* at ¶48. Every voluntary manslaughter involves a death. Thus, there must be something more in the record to support a maximum prison term other than the fact that a life had been taken.

**{¶12}** The crime with which Appellant is charged is not comparable to the crime discussed in *Stroud*. There are no varying degrees of "death," whereas "serious physical harm" can take an endless variety of forms. In this case, the victims almost died from their injuries, suffering multiple broken bones, nerve and ligament damage, and unendurable pain. The damage is permanent, according to the testimony of the victims. Any one injury to either of the victims could be treated as serious physical harm: one broken bone; one torn ligament; or one cut requiring surgery. The record indicates that the victims suffered multiple serious injuries. In addition, the definition of the crime refers only to physical harm, whereas the sentencing statute refers to physical, psychological or economic harm. R.C. 2929.12(B)(2). Thus, the sentencing statute is broader than the definition of aggravated vehicular assault, and the court's review of the victim's psychological and economic harm can be used to enhance the sentence without overlapping with a basic element of the crime itself. For these reasons, we reject Appellant's argument.

**{¶13}** Moving on to the argument regarding whether the court properly explained its reasons for imposing consecutive sentences, Appellant correctly posits

that the law has recently changed in this area. Both parties agree that the newly enacted version of R.C. 2929.14, effective September 30, 2011, applies to this case. R.C. 2929.14(C)(4) states:

> (4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
>
> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
>
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c)     The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

**{¶14}** Prior to 2006, Ohio sentencing law created presumptions that offenders be given minimum, concurrent terms of incarceration.  *See* former R.C. 2929.14(B), 2929.14(E)(4), 2919.19(B)(2), and 2929.41.  These presumptions could be overcome if the court made specific factual findings regarding the nature of the offense and the need to protect the public.  This judicial fact-finding was called into question by *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), in which the United States Supreme Court held that judicial fact-finding could infringe upon a defendant's Sixth Amendment right to a jury trial because it invaded the fact-finding function of the jury.  In *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, the Ohio Supreme Court held that under *Apprendi* and *Blakely*, Ohio's sentencing statutes that required a judge to make factual findings in order to increase a sentence beyond presumptive minimum or concurrent terms unconstitutionally infringed on the jury's function in violation of the Sixth Amendment.  The Ohio Supreme Court then severed those sections and held that courts have full discretion to sentence within the applicable statutory range and likewise have discretion to order sentences to be served consecutively.  *Id.* at ¶99-100.

**{¶15}** The reasoning in *Foster* was partially called into question by *Oregon v. Ice*, 555 U.S. 160, 129 S.Ct. 711, 172 L.Ed.2d 517 (2009), in which the United States

Supreme Court later ruled that neither *Apprendi* nor *Blakely* implicated a sentencing judge's long-understood authority to order sentences to be served consecutively. The Ohio Supreme Court later acknowledged that *Foster* erroneously applied *Apprendi* and *Blakely* to ban judicial fact-finding in support of consecutive sentences, but ruled that the *Ice* decision could not revive that which had previously been severed as unconstitutional in *Foster*. *See State v. Hodge*, 128 Ohio St.3d 1, 2010-Ohio-6320, 941 N.E.2d 768, paragraph two of the syllabus. In other words, the former consecutive sentencing law contained in R.C. 2929.14(E)(4), which had been declared unconstitutional and severed in *Foster*, remained severed and could not be applied, regardless of the holding and analysis in *Ice*. Even after *Ice*, a trial court retains "the discretion and inherent authority to determine whether a prison sentence within the statutory range shall run consecutively or concurrently * * *." *State v. Bates*, 118 Ohio St.3d 174, 2008-Ohio-1983, 887 N.E.2d 328, ¶19.

**{¶16}** However, the newly-enacted revision of the consecutive sentencing statute has reestablished the requirement that the sentencing judge make certain findings before imposing consecutive sentences. *See, e.g., State v. Wilson*, 8th Dist. No. 97657, 2012-Ohio-4153, ¶13 (court must again state its findings to support consecutive sentences at the sentencing hearing and in the judgment entry pursuant to the new statute, citing *State v. Comer*, 99 Ohio St.3d 463, 2003-Ohio-4165, 793 N.E.2d 473, paragraph one of the syllabus.); *State v. Just*, 9th Dist. No. 12CA0002, 2012-Ohio-4094, ¶48-49 (court need not explain its reasons for making the consecutive sentencing findings, as the new statute does not require it); *State v.*

*Stalnaker*, 11th Dist. No. 2011-L-151, 2012-Ohio-3028, ¶15 (trial court must again state the required findings on the record to impose consecutive sentences, but not its reasons supporting those findings).

**{¶17}** Prior to *Foster*, the sentencing statutes required both findings and reasons in support of those findings in order for a consecutive sentence to be imposed. *Foster* eliminated both requirements. The recently enacted law is not simply a reenactment of the pre-*Foster* statute, but is an entirely new law, and the new law requires only that the court make certain findings.

**{¶18}** A court may impose consecutive sentences under R.C. 2929.14(C)(4) if it makes the following findings: (1) consecutive service is necessary to protect the public from future crime or to punish the offender and (2) that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and (3) one of the following: (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense, or (b) at least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct, or (c) the offender's history of

criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

**{¶19}** The trial court made the necessary findings in this case and stated them at the sentencing hearing (1/27/12 Tr., p. 19) and in the judgment entry. An appellate court may only sustain an assignment of error challenging the imposition of consecutive sentences under R.C. 2929.14 if the appellant shows that the judgment was clearly and convincingly contrary to law. R.C. 2953.08(G). This record does not support such a showing. The trial court followed the requirements of the new sentencing law. Since the trial court need not explain its reasons for making its findings, the absence of such reasons is not error. Appellant's argument regarding consecutive sentences is unpersuasive.

**{¶20}** Because we have disposed of Appellant's two arguments in his sole assignment of error, the assignment of error is overruled and the judgment of the trial court is affirmed.

Donofrio, J., concurs.

DeGenaro, P.J., concurs.