[Cite as *State v. Parsons*, 2013-Ohio-1281.]

STATE OF OHIO, BELMONT COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | ) | CASE NO. 12 BE 11 |
| | ) | |
| PLAINTIFF-APPELLEE | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| RANDALL WAYNE PARSONS, II | ) | |
| | ) | |
| DEFENDANT-APPELLANT | ) | |

CHARACTER OF PROCEEDINGS:     Criminal Appeal from the Court of
                             Common Pleas of Belmont County, Ohio
                             Case No. 11CR227

JUDGMENT:                    Affirmed in Part.
                             Reversed and Remanded in Part.

APPEARANCES:

For Plaintiff-Appellee:       Atty. Christopher Berhalter
                             Belmont County Prosecutor
                             Atty. Helen Yonak
                             Assistant Prosecuting Attorney
                             147-A West Main Street
                             St. Clairsville, Ohio  43950

For Defendant-Appellant:      Atty. Thomas M. Ryncarz
                             3713 Central Avenue
                             Shadyside, Ohio  43947

JUDGES:

Hon. Cheryl L. Waite
Hon. Gene Donofrio
Hon. Mary DeGenaro

                             Dated:  March 27, 2013

WAITE, J.

{¶1} Appellant Randall Wayne Parsons II appeals his sentence entered after he pleaded guilty to gross sexual imposition and aggravated vehicular assault. Appellant first argues that the trial court abused its discretion in imposing the maximum prison term for aggravated vehicular assault. The record indicates that the court considered all the pertinent sentencing factors, and that the court was particularly concerned about Appellant's lack of remorse for the crime. The prosecutor also stated that this was the worst assault she had ever seen. (2/17/12 Tr., p. 11.) The record further shows that Appellant was originally charged with rape and felonious assault, and the sentencing judge was permitted to consider the original charges in formulating a sentence. There is no abuse of discretion in imposing the maximum five-year prison term, particularly since Appellant was originally facing the possibility of 19 years in prison before the charges were reduced. Appellant also challenges the imposition of consecutive sentences. The trial court made the required statutory findings, and the record supports those findings. Finally, Appellant has noted that a typographical error exists in the sentencing entry. The court issued a fifteen-year license suspension when it could only suspend the license for ten years. The case will be remanded for the limited and sole purpose of allowing the trial court to issue a corrected sentencing entry with respect to the license suspension. The judgment of the trial court is affirmed in part, and reversed and remanded in part.

<u>History of the Case</u>

**{¶2}** On August 23, 2011, Appellant was driving his Chevy pickup truck in Wheeling Township, Belmont County. He had been smoking marijuana. Appellant was married at the time, but the woman in the vehicle with him was not his wife. The victim fell or was pushed out of the truck while it was moving. She sustained numerous injuries, but it appeared that some of the injuries were not caused by falling from the truck, indicating that she may have been the victim of a prior assault. Appellant fled the scene. He was later arrested and indicted on one count of rape, R.C. 2907.02(A)(1), a first-degree felony (maximum prison term of 11 years); and one count of felonious assault, R.C. 2903.11(A)(1), a second-degree felony (maximum prison term of 8 years). After lengthy plea negotiations, Appellant entered into a Crim.R. 11 plea agreement on January 3, 2012. One of the main purposes of the plea agreement was to spare the victim from having to testify. He pleaded guilty to one count of aggravated vehicular assault, R.C. 2903.08(A)(1), a third-degree felony (maximum prison term of five years in prison), and one count of gross sexual imposition, R.C. 2907.05(A)(1), a fourth-degree felony (maximum prison term of 18 months in prison). The prosecutor agreed not to pursue domestic violence charges pending in another court. The prosecutor made no promises as to sentencing recommendations. A plea hearing was held on January 11, 2012, and the court accepted the guilty pleas. Appellant also stipulated that he was a Tier I sexual offender.

**{¶3}** Sentencing took place on February 17, 2012. Victim statements and a presentence investigation were part of the materials relied on by the court at sentencing. Appellant and his attorney also spoke at the sentencing hearing.

Counsel told the court that the victim had a long acquaintance with Appellant, that she had a prior sexual encounter with him, that she had driven through the middle of the night to see him, and that she was under the influence of drugs and alcohol when the crimes occurred. (2/17/12 Tr., p. 8.) Appellant's counsel also questioned "whether the girl jumped out, whether she fell out, whether she was pushed out" of the truck. (2/17/12 Tr., p. 8.)

{¶4} The prosecutor stated that "this is the worst assault I've ever seen" and recommended the maximum sentence. (2/17/12 Tr., p. 11.) The prosecutor chastised Appellant's counsel for blaming the victim for her injuries: "To say that they were lovers * * * and that she wanted this is insulting to her and to this Court. * * * For him to say this was something she wanted to do is beyond the pale." (2/17/12 Tr., p. 11.)

{¶5} Appellant spoke of his military service, his long acquaintance with the victim, and asked for forgiveness. He blamed the crime on his drug problem. He talked about how he enjoyed reading books in prison and about becoming a better person due to his imprisonment. (2/17/12 Tr., pp. 12-13.)

{¶6} The victim did not give a statement at the hearing.

{¶7} At the hearing, the court stated that it considered the oral statements, the criminal incident report, the presentence investigation report, the victim impact statements, the purposes and principles of sentencing under R.C. 2929.11, the seriousness and recidivism factors in R.C. 2929.12, and the need for deterrence, incapacitation, rehabilitation and restitution. (2/17/12 Tr., pp. 13-14.) The court noted that Appellant had a history of criminal convictions, including using a weapon

while intoxicated, as well as domestic battery and speeding offenses. The court found that the victim suffered serious physical, psychological and emotional harm arising from the offense. The court found that Appellant exhibited reckless disregard for the victim. The court found that Appellant failed to express genuine remorse, minimized his behavior, and failed to understand and appreciate the seriousness of his forced sexual acts on the victim. The court stated that "he has demonstrated an abject failure to accept accountability and responsibility for his violent criminal actions, as well as a failure to express genuine concern for the victim * * *." (2/17/12 Tr., p. 17.) The court found that Appellant's prior relationship with the victim facilitated the crime. The court found that Appellant's reckless course of conduct placed the citizens of the county at risk of harm and put them in fear of harm. The court found that Appellant had not responded to sanctions previously imposed. The court found that Appellant refused to acknowledge his past pattern of drug and alcohol abuse, and failed to face his problems or seek treatment.

{¶8} The court noted that Appellant did not have any juvenile delinquency adjudications or any felony convictions, but that no other factors suggested that recidivism would be less likely. The court found that community control sanctions would not adequately punish the offender and protect the public from future crime, and that community control sanctions would demean the seriousness of the offense. The court found that Appellant had not spent time in prison. The court found that consecutive prison terms were reasonable and appropriate to protect the public from future crime and punish the offender; that consecutive prison terms were not disproportionate to the seriousness of the conduct and the danger Appellant posed to

the public; that consecutive prison terms were reasonable and appropriate because the crimes were part of a course of conduct, and the harm to the victim and public was so great and unusual that no single prison term adequately reflected the seriousness of the conduct.

{¶9} The court found the following factors made consecutive sentences necessary to protect the public from future crime: the serious nature of the present offenses; Appellant's past crimes, including violent crimes and crimes committed while Appellant was under the influence of drug and alcohol abuse; the revocation of his bond as a result of an instance of alleged domestic violence in the presence of a minor child; an escalating pattern of crimes; deviant sexual behavior; and failure to acknowledge his drug and alcohol abuse problems.

{¶10} The court sentenced Appellant to 12 months in prison for gross sexual imposition. The court also sentenced him to five years in prison for aggravated vehicular assault. These sentences were to be served consecutively, for a total prison term of six years. He was classified as a Tier I sex offender. The judgment entry of sentence, filed on February 21, 2012, suspended Appellant's driver's license for 15 years. This was apparently a clerical error, and it was corrected to 10 years in a *nunc pro tunc* entry filed on May 31, 2012. Appellant, though, filed this appeal on February 28, 2012. Hence, the trial court had been divested of jurisdiction to issue a *nunc pro tunc* entry on the date the appeal was filed. This problem will be dealt with in Appellant's third assignment of error, below.

<u>ASSIGNMENT OF ERROR NO. 1</u>

THE TRIAL COURT COMMITTED ERROR IN IMPOSING THE MAXIMUM SENTENCE FOR THE CRIME OF AGGRAVATED VEHICULAR ASSAULT BECAUSE THE TRIAL COURT ABUSED ITS DISCRETION IN IMPOSING SAID SENTENCE UPON THE APPELLANT.

**{¶11}** Appellant argues that the court erred in imposing the maximum prison term of five years for the crime of aggravated vehicular assault. Appellate courts review felony sentences using a two-fold analysis: "First, they must examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law. If this first prong is satisfied, the trial court's decision shall be reviewed under an abuse-of-discretion standard." *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, ¶4 (O'Connor, J., plurality opinion), citing *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470.

**{¶12}** A sentencing court must consider the principles and purposes of sentencing in R.C. 2929.11 and the seriousness and recidivism factors in R.C. 2929.12. *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, ¶38. The sentencing court need not make findings regarding these statutes in order to impose the maximum prison term. We have held that a silent record raises the rebuttable presumption that the sentencing court considered the statutory sentencing criteria. *State v. James*, 7th Dist. No. 07CO47, 2009-Ohio-4392, ¶50. Only if the record affirmatively shows that the trial court failed to consider the principles and purposes

of sentencing will a sentence be reversed on this basis, unless the sentence is strikingly inconsistent with relevant considerations. *Id.*

**{¶13}** Appellant does not argue that the sentence is contrary to law, but only that it constitutes an abuse of discretion. An abuse of discretion means more than an error of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. *State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E .2d 144 (1980). Thus, in the felony sentencing context, "[a]n abuse of discretion can be found if the sentencing court unreasonably or arbitrarily weighs the factors in R.C. 2929.11 and R.C. 2929.12." *State v. Heverly*, 7th Dist. No. 09 CO 4, 2010-Ohio-1005, ¶34.

**{¶14}** Although a sentencing judge was formerly required to engage in detailed judicial fact-finding in order to justify imposing maximum sentences, this is no longer the case. *Foster*, *supra*, paragraph seven of the syllabus. The decision to impose the maximum sentence is simply part of the trial court's overall discretion in issuing a felony sentence and is no longer tied to mandatory fact-finding provisions.

**{¶15}** Appellant's interpretation of the evidence provided at sentencing is that it did not support a maximum sentence. Appellant notes that many of the factors that might have supported a longer than average sentence were not applicable to this case. Appellant did not hold public office or a position of trust; his occupation was not used to facilitate the offense; he did not commit the offense as part of organized criminal activity; he was not motivated by prejudice; etc. Appellant minimizes the equally important consideration that most of the remaining factors that favor a longer than normal sentence were established at the sentencing hearing. Simply because

some of the sentencing factors did not apply does not mean that a maximum sentence could not be imposed.

**{¶16}** A number of the enhancing factors were mentioned by the judge as reasons for imposing the maximum sentence: the victim suffered serious physical, psychological, or economic harm as a result of the offense (R.C. 2929.12(B)(2); Appellant's relationship with the victim facilitated the offense (R.C. 2929.12(B)(6); Appellant showed no genuine remorse for the offense (R.C. 2929.12(D)(4); and Appellant had a history of prior offenses, including using a weapon while intoxicated and domestic battery (R.C. 2929.12(D)(2). The prosecutor made a special point to mention that this was the worst assault she had ever seen. (2/17/11 Tr., p. 11.) Any of these factors could justify the sentence meted out in this case.

**{¶17}** Both at sentencing and in this appeal, Appellant argues that the victim facilitated the offense. R.C. 2929.12(C)(1) states as a mitigating factor that "[t]he victim induced or facilitated the offense." Appellant argued that the victim drove many hours through the night to see him, and that she was under the influence of drugs and alcohol at the time. The trial court was offended by this line of argument, and instead of helping Appellant's cause, the judge interpreted it as a sign that Appellant had no sense of remorse for what he had done. The facts cited by Appellant in no way indicate that the victim induced the assault and are only an attempt to blame the victim for Appellant's violent behavior.

**{¶18}** It should also be kept in mind that a sentencing court may consider charges that have been dismissed or reduced pursuant to a plea agreement. *State v. Starkey*, 7th Dist. No. 06MA110, 2007-Ohio-6702, ¶2; *State v. Cooey*, 46 Ohio

St.3d 20, 35, 544 N.E.2d 895 (1989). This matter began as a rape and felonious assault case, but the charges were eventually reduced to avoid the need for the victim to have to testify at trial. The fact that the charges were dramatically reduced also is a factor in support of the court's decision to impose the maximum sentence. For all the aforementioned reasons, Appellant's first assignment of error is overruled.

<u>ASSIGNMENT OF ERROR NO.2</u>

THE TRIAL COURT COMMITTED ERROR IN IMPOSING CONSECUTIVE SENTENCES BECAUSE THE TRIAL COURT ABUSED ITS DISCRETION IN IMPOSING CONSECUTIVE SENTENCES UPON THE APPELLANT.

**{¶19}** Appellant argues that consecutive sentences should not have been imposed in this case. The law regarding consecutive sentences has recently changed. R.C. 2929.14, effective September 30, 2011, applies to this case. R.C. 2929.14(C)(4) states:

(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶20} Prior to 2006, Ohio sentencing law created presumptions that offenders be given minimum, concurrent terms of incarceration. *See* former R.C. 2929.14(B), 2929.14(E)(4), 2919.19(B)(2), and 2929.41. These presumptions could be overcome if the court made specific factual findings regarding the nature of the offense and the need to protect the public. This judicial fact-finding was called into question by *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), in which the United States Supreme Court held that judicial fact-finding could infringe upon a defendant's Sixth Amendment right to a jury trial because it invaded the fact-

finding function of the jury. In *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, the Ohio Supreme Court held that under *Apprendi* and *Blakely*, Ohio's sentencing statutes that required a judge to make factual findings in order to increase a sentence beyond presumptive minimum or concurrent terms unconstitutionally infringed upon the jury's fact-finding function in violation of the Sixth Amendment. The Ohio Supreme Court severed those sections and held that courts have full discretion to sentence within the applicable statutory range and likewise have discretion to order sentences to be served consecutively. *Foster* at ¶99-100.

{¶21} The reasoning in *Foster* was partially called into question by *Oregon v. Ice*, 555 U.S. 160, 129 S.Ct. 711, 172 L.Ed.2d 517 (2009), in which the United States Supreme Court later ruled that neither *Apprendi* nor *Blakely* implicated a sentencing judge's long-understood authority to order sentences to be served consecutively. The Ohio Supreme Court later acknowledged that *Foster* erroneously applied *Apprendi* and *Blakely* to ban judicial fact-finding in support of consecutive sentences, but held that the *Ice* ruling could not revive that which had previously been severed as unconstitutional in *Foster*. *See State v. Hodge*, 128 Ohio St.3d 1, 2010-Ohio-6320, 941 N.E.2d 768, paragraph two of the syllabus. In other words, the former consecutive sentencing law contained in R.C. 2929.14(E)(4), which had been declared unconstitutional and severed in *Foster*, remained severed and could not be applied. Thus, *Ice* did not revive any requirement for courts to make findings prior to imposing consecutive sentences. Even after *Ice*, a trial court still has "the discretion and inherent authority to determine whether a prison sentence within the statutory

range shall run consecutively or concurrently * * *." *State v. Bates*, 118 Ohio St.3d 174, 2008-Ohio-1983, 887 N.E.2d 328, ¶19.

**{¶22}** The newly enacted amendment to the consecutive sentencing statute, though, has reestablished the requirement that the sentencing judge make certain findings before imposing consecutive sentences. *See, e.g., State v. Wilson*, 8th Dist. No. 97657, 2012-Ohio-4153, ¶13 (court must again state its findings to support consecutive sentences at the sentencing hearing and in the judgment entry pursuant to the new statute, citing *State v. Comer*, 99 Ohio St.3d 463, 2003-Ohio-4165, 793 N.E.2d 473, paragraph one of the syllabus); *State v. Just*, 9th Dist. No. 12CA0002, 2012-Ohio-4094, ¶48-49 (court need not explain its reasons for making the consecutive sentencing findings, as the new statute does not require it); *State v. Stalnaker*, 11th Dist. No.2011-L-151, 2012-Ohio-3028, ¶15 (trial court must again state the required findings on the record to impose consecutive sentences, but not its reasons supporting those findings).

**{¶23}** Prior to *Foster*, the sentencing statutes required both findings and reasons supporting those findings in order for a consecutive sentence to be imposed. *Foster* eliminated both requirements. However, simply because there is a newly enacted consecutive sentencing statute does not mean *Foster* once again governs the review of consecutive sentences. The amended law is not simply a reenactment of the pre-*Foster* statute, but is an entirely rewritten law. The new sentencing code only requires the trial court to make findings to support consecutive sentences. It does not require the court to give reasons in support of those findings. A court may impose consecutive sentences under R.C. 2929.14(C)(4) if it makes the following

findings: (1) consecutive sentences are necessary to protect the public from future crime or to punish the offender and (2) that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and (3) one of the following: (a) the offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense, or (b) at least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct, or (c) the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶24} This record reflects that the court made the findings required by R.C. 2929.14(C)(4). For this reason, the court had the authority to impose consecutive sentences, and Appellant's second assignment of error is overruled.

ASSIGNMENT OF ERROR NO.3

THE TRIAL COURT COMMITTED ERROR IN SUSPENDING THE APPELLANT'S DRIVING PRIVILEGES FOR A PERIOD OF FIFTEEN (15) YEARS BECAUSE SAID SUSPENSION IS CONTRARY TO LAW.

**{¶25}** In this assignment of error, Appellant argues that the court had no authority to impose a 15-year license suspension. This case involved a class three license suspension, and the maximum suspension allowed is ten years. R.C. 2903.08(B)(2); R.C. 4510.02(A)(3). The prosecutor agrees with Appellant, and in fact, the trial court issued a *nunc pro tunc* entry correcting the clerical error on May 31, 2012. A trial court has authority to correct clerical errors in its judgments. Crim.R. 36. "Although trial courts generally lack authority to reconsider their own valid final judgments in criminal cases, they retain continuing jurisdiction to correct clerical errors in judgments by nunc pro tunc entry to reflect what the court actually decided. *State ex rel. Cruzado v. Zaleski*, 111 Ohio St.3d 353, 2006-Ohio-5795, 856 N.E.2d 263, ¶18-19; Crim.R. 36." *State ex rel. Womack v. Marsh*, 128 Ohio St.3d 303, 2011-Ohio-229, 943 N.E.2d 1010, ¶13. In the *nunc pro tunc* entry, the court imposes a ten-year license suspension.

**{¶26}** Unfortunately, the trial court issued its *nunc pro tunc* entry after the notice of appeal was filed. A trial court does not have jurisdiction to amend its judgment entries after a notice of appeal has been filed. "Although a court generally may issue a nunc pro tunc entry any time * * * a notice of appeal divests a trial court of jurisdiction to do so." (Footnote omitted.) *State v. Smith*, 2d Dist. No. 2010-CA-63, 2011-Ohio-5986, ¶7; *see, also State v. Biondo*, 11th Dist. No. 2009-P-0009, 2009-Ohio-7005, ¶18; *State v. Erlandsen*, 3d Dist. No. 1-02-46, 2002-Ohio-4884; *State v. Reid*, 6th Dist. No. L-97-1150, 1998 WL 636789 (Sept. 18, 1998). Since the parties agree that the error took place, and Appellant asks for nothing more than that the error be corrected, we sustain Appellant's third assignment and remand the case to

the trial court so that it may issue another *nunc pro tunc* entry correcting the license suspension.

{¶27} In conclusion, the record fully supports the imposition of maximum consecutive sentences, and we overrule Appellant's first and second assignments of error. The trial court did commit an error by imposing a fifteen-year license suspension. The court attempted to correct this error in a *nunc pro tunc* entry and change the suspension to ten-years, but this correction was made after the appeal was filed and is a nullity. Therefore, we sustain Appellant's third assignment of error and reverse the portion of the sentence imposing a fifteen-year license suspension. The case is remanded for the limited and sole purpose of allowing the court to file another *nunc pro tunc* entry imposing a ten-year license suspension. In all other respects, the conviction and sentence are affirmed.

Donofrio, J., concurs.

DeGenaro, P.J., concurs.