[Cite as *State v. Jones*, 2014-Ohio-2248.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | ) | CASE NO. 13 MA 101 |
| | ) | |
| PLAINTIFF-APPELLEE | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| MIKE W. JONES | ) | |
| | ) | |
| DEFENDANT-APPELLANT | ) | |

CHARACTER OF PROCEEDINGS:      Criminal Appeal from the Court of
                                Common Pleas of Mahoning County,
                                Ohio
                                Case No. 13 CR 146

JUDGMENT:                       Affirmed.

APPEARANCES:

For Plaintiff-Appellee:          Atty. Paul J. Gains
                                 Mahoning County Prosecutor
                                 Atty. Ralph M. Rivera
                                 Assistant Prosecuting Attorney
                                 21 West Boardman Street, 6th Floor
                                 Youngstown, Ohio 44503

For Defendant-Appellant:         Atty. Edward A. Czopur
                                 DeGenova & Yarwood, Ltd.
                                 42 N. Phelps St.
                                 Youngstown, Ohio 44503

JUDGES:

Hon. Cheryl L. Waite
Hon. Gene Donofrio
Hon. Joseph J. Vukovich

                                 Dated: May 23, 2014

WAITE, J.

{¶1} Appellant Mike W. Jones appeals the imposition of consecutive sentences in his felony criminal case. He was sentenced to eight years in prison for attempted rape and five years for gross sexual imposition, to be served consecutively, for a total of thirteen years in prison. Appellant argues that the trial court could not impose consecutive sentences because it failed to make one of the findings required by R.C. 2929.14(C)(4). Specifically, Appellant argues that the trial court did not find that the consecutive prison terms were necessary to protect the public from future crime or punish the offender. The sentencing transcript repeatedly refers to the need to impose maximum consecutive sentences to punish Appellant due to the seriousness of his crimes, and the judgment entry tracks the exact language of the consecutive sentencing statute. Appellant's assignment of error is without merit and the judgment of the trial court is affirmed.

{¶2} On February 7, 2013, Appellant was indicted in the Mahoning County Court of Common Pleas for one count of rape of a child under 13 years of age, by force or threat of force, pursuant to R.C. 2907.02(A)(1)(b) and (B), which carried a penalty of life in prison. He was also indicted on one count of gross sexual imposition, R.C. 2907.05(A)(4), a third-degree felony with a potential five-year prison term. Appellant subsequently pleaded guilty to a reduced charge of attempted rape, a second-degree felony carrying a maximum penalty of eight years in prison, and to the gross sexual imposition charge. The prosecutor recommended that maximum consecutive sentence of 13 years in prison be imposed. On June 7, 2013, the trial court sentenced Appellant to eight years in prison for rape, and five years in prison

for gross sexual imposition, to be served consecutively. The court filed its judgment entry of conviction and sentence on June 12, 2013, and this timely appeal followed.

## ASSIGNMENT OF ERROR

The sentence imposed against Mr. Jones was in violation of 2929.14(C)(4) and, therefore, an abuse of discretion, not supported by the record and/or contrary to law as the trial court did not make the necessary findings before imposing consecutive sentences.

{¶3} Appellant argues that the trial court could not impose consecutive sentences because it failed to make all the required findings listed in R.C. 2929.14(C)(4). More specifically, Appellant argues that the court failed to find that consecutive sentences were necessary to protect the public from future crimes or to punish the offender. When reviewing a felony sentence, an appellate court first reviews the sentence to ensure that the sentencing court clearly and convincingly complied with the applicable laws. *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, ¶4. If this step is satisfied, the court then reviews the sentencing decision for abuse of discretion. *Id.* at ¶17, 19-20. An abuse of discretion means more than an error of judgment, but rather, implies that the court's attitude is unreasonable, arbitrary or unconscionable. *State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980). Appellant is arguing that the trial court's sentence is clearly and convincingly contrary to law due to its failure to make required statutory findings.

{¶4} Under the revisions of R.C. 2929.14 that became effective on September 20, 2011, a court imposing consecutive sentencing must make certain

findings. *See* 2011 H.B. 86. Before H.B. 86 was enacted, the Ohio Supreme Court held "there is no mandate for judicial fact-finding in the general guidance statutes." *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, ¶42. *Foster* struck down former R.C. 2929.14(E)(4), which at the time governed the imposition of consecutive sentences, because it required judicial fact-finding in violation of the right to trial by jury protected by the Sixth Amendment. This aspect of *Foster's* holding was later undermined by *Oregon v. Ice*, 555 U.S. 160, 129 S.Ct. 711, 172 L.Ed.2d 517 (2009), which held that there was no Sixth Amendment violation if judicial fact-finding was involved in imposing consecutive sentences. The Ohio Supreme Court later noted in *State v. Hodge*, 128 Ohio St.3d 1, 2010-Ohio-6320, 941 N.E.2d 768, that "[a]fter *Ice*, it is now settled law that * * * the jury-trial guarantee of the Sixth Amendment to the United States Constitution does not preclude states from requiring trial court judges to engage in judicial fact-finding prior to imposing consecutive sentences." *Id.* at ¶19. *Hodge* also held, however, that *Ice* did not revive the former consecutive sentencing provisions held to be unconstitutional in *Foster*. The state legislature responded by reenacting some, but not all, of the prior consecutive sentencing statutes. The reenactment is contained primarily in R.C. 2929.14(C)(4), which states:

> (4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the

offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a)  The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b)  At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c)   The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶5}   Based on the wording of R.C. 2929.14(C)(4), the trial court can impose sentences consecutively if it makes three findings:  (1) that consecutive service is necessary to protect the public from future crime or to punish the offender; (2) that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public; and (3) finds one of the

following three: that (a) the offender committed one or more of the multiple offenses while the offender was subject to postrelease control, was awaiting trial or sentencing, or was subject to a community control or financial sanction, or that (b) the harm caused by two or more of the offenses was so great or unusual that a single prison term does not adequately reflect the seriousness of the offender's conduct, or that (c) consecutive sentences are necessary to protect the public from future crime by the offender based on the offender's criminal history. Appellant is arguing that the trial court did not make finding number one, *i.e.*, that consecutive sentences were necessary to protect the public from future crime or punish the offender.

{¶6} Although the trial court is required to make findings, it is not required to state reasons supporting those findings, as had been the case under prior law. *State v. Galindo–Barjas*, 7th Dist. No. 12 MA 37, 2013-Ohio-431. Furthermore, the court is not required to use any "magic" or "talismanic" words in order to comply with the statutory requirement. *State v. Verity*, 7th Dist. No. 12 MA 139, 2013-Ohio-1158, ¶28-29. It may quote the language used in R.C. 2929.14(C)(4), or it may use different wording, as long as it is clear from the record that the trial court engaged in the appropriate analysis. *State v. Power*, 7th Dist. No. 12 CO 14, 2013-Ohio-4254, ¶40.

{¶7} In this case, the trial court noted at sentencing that the more serious charge had been reduced in the plea agreement from forcible rape of a child to attempted rape in order to avoid having the child testify at trial. Due to the seriousness of the charges, and the fact that the charges had already been reduced,

the judge stated that nothing less than the maximum consecutive prison term would be imposed. The court did not cite all of the language of the consecutive sentencing statute during the sentencing hearing, but did say that it "ordered these sentences to be served consecutively because the harm is so great or unusual that a single term does not adequately reflect the seriousness of the conduct. I can't imagine anything more despicable than to commit crimes of this nature against your own daughter." (6/7/13 Tr., pp. 30-31.) This satisfies the third of the three required findings. The judge stated that Appellant's crimes were an affront to decency in society and to everyone in the community, and that maximum consecutive sentences would be imposed because such crimes required "the full measure of the law * * * there's no other way to look at this." (6/7/13 Tr., p. 25.) This and similar statements made at sentencing satisfy the first of the three findings. Finally, the judge stated that "I can't imagine anybody doing anything worse than what you did in this case." (6/7/13 Tr., p. 28.) The court indicated that the nature of the crime was such that he could not consider any mitigation of the punishment based on Appellant's promises that the crime would never again occur. These and similar comments satisfy the second of the three findings.

{¶8} Although it is the better practice to clearly make the three findings using the language of R.C. 2929.14(C)(4) at both the sentencing hearing and in the judgment entry, it is settled that the sentencing judge is not required to use any "magic words" and may make the findings in any manner he or she deems appropriate. In this case, the judge made the three required findings during the

course of its lengthy colloquy with defendant, and the court then repeated its findings by tracking the exact language of R.C. 2929.14(C)(4) in the sentencing judgment entry. The record reflects that the trial court made the three required findings both at the sentencing hearing and in the court's judgment entry. Appellant's assignment of error has no merit and is overruled, and the judgment of the trial court is affirmed.

Donofrio, J., concurs.

Vukovich, J., concurs.