[Cite as *State v. Castle*, 2017-Ohio-942.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | ) | CASE NO. 15 MA 0012 |
| | ) | |
| PLAINTIFF-APPELLEE | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| NICHOLAS CASTLE | ) | |
| | ) | |
| DEFENDANT-APPELLANT | ) | |

CHARACTER OF PROCEEDINGS: Criminal Appeal from the Court of Common Pleas of Mahoning County, Ohio
Case No. 14 CR 550

JUDGMENT: Affirmed in part. Sentence Vacated in part. Remanded in part.

APPEARANCES:

For Plaintiff-Appellee: Atty. Paul J. Gains
Mahoning County Prosecutor
Atty. Ralph M. Rivera
Assistant Prosecuting Attorney
21 West Boardman Street, 6th Floor
Youngstown, Ohio 44503

For Defendant-Appellant: Atty. Anthony Farris
860 Boardman-Canfield Rd.
Suite 204
Youngstown, Ohio 44512

JUDGES:

Hon. Cheryl L. Waite
Hon. Gene Donofrio
Hon. Mary DeGenaro

Dated: March 15, 2017

WAITE, J.

{¶1} Appellant Nicholas Castle appeals his December 1, 2014 conviction and sentence on a charge of receiving stolen property. Appellant contends that the trial court erroneously instructed the jury on receiving stolen property as it is not a lesser-included offense of robbery. He also argues that the trial court erroneously denied his motion for a mistrial after the prosecutor made comments about Appellant's silence and failure to present evidence at trial during the prosecutor's closing arguments. As to his sentence, he argues that the trial court failed to make the requisite R.C. 2929.14(C) findings before imposing a consecutive sentence. The state confesses judgment on the sentencing issue. For the reasons provided, Appellant's arguments regarding his conviction are without merit and his conviction is affirmed. As the trial court failed to consider the R.C. 2929.14(C) factors, Appellant's sentence is vacated in part and remanded for limited resentencing consistent with this Court's Opinion.

Factual and Procedural History

{¶2} On February 2, 2012, a man called the WalGreens pharmacy in Boardman, Ohio and informed the pharmacist that he was experiencing withdrawal symptoms. He ordered her to gather all of the store's Oxycontin bottles, place them in a bag and to put the bag in the pharmacy's drive-through drawer. He advised her that he was in the store and had a gun. The pharmacist looked around but did not see anyone talking on a phone or carrying a gun. Regardless, she complied with his order and began removing bottles from the safe. While she began to collect the bottles, her manager walked into the pharmacy area. The caller warned the

pharmacist: "[D]on't tell the red head anything." (11/10/14 Tr. Vol. I, p. 218.) The manager had red hair.

{¶3} The pharmacist was nervous and accidentally substituted Oxycondone for the Oxycontin requested, but gathered 10-15 bottles of the drug. The bottles were the original manufacturer's bottle, not the smaller pharmacy bottles typically given to a customer. The caller told her that once she placed the bag into the drawer, someone would give her another list of drugs to gather. She complied and placed the bag in the drive-through drawer and turned around to wait for the caller's next demand. When she realized the caller was no longer on the line, she turned and saw that the bag had been removed from the drawer, but when she visually scanned the area no one was in sight. She explained the situation to the manager and the police were called. Without any physical evidence to collect at the scene, the police viewed the security camera footage and saw only shadows of the person who removed the bag from the drawer.

{¶4} Around 11:00 a.m. the next day, a man who lived a few blocks from the WalGreens called police and informed them that he found several pill bottles scattered in his yard. Boardman police arrived and collected fourteen empty bottles from the yard. The bottles, which were manufacturer bottles, were sent to the Ohio Bureau of Criminal Investigations ("BCI"). Out of the fourteen bottles, two revealed a major partial DNA profile which was entered into CODIS. The CODIS search revealed an apparent match with Appellant's profile. The police located Appellant in Columbus and obtained a warrant for his DNA. A comparison of Appellant's DNA

and the DNA found on the bottles confirmed the CODIS match. On June 12, 2014, Appellant was indicted on one count of robbery, a felony of the second degree in violation of R.C. 2911.02(A)(2), (B).

{¶5} At the close of trial, the state requested a jury instruction on receiving stolen property. The defense objected, arguing that the crime of receiving stolen property is not a lesser-included offense of robbery. The trial court overruled the defense's objection and instructed the jury on receiving stolen property. The jury found Appellant not guilty of robbery but guilty of receiving stolen property. Appellant was sentenced to eighteen months of incarceration. The trial court ordered the sentence run consecutively to a four-year term Appellant was serving in Franklin County. Appellant timely appeals his conviction and sentence.

<u>ASSIGNMENT OF ERROR NO. 1</u>

The Trial Court committed prejudicial error when it instructed the jury to consider the charge of Receiving Stolen Property because it is not a lesser included offense of Robbery.

{¶6} Appellant contends that the trial court improperly instructed the jury on receiving stolen property. Appellant argues that robbery does not contain an element requiring that the defendant received, retained, or disposed of the property of another. Hence, Appellant concludes that the crime of receiving stolen property cannot be a lesser offense of robbery. As to prejudice, Appellant states that because he was charged with robbery but solely convicted of receiving stolen property, he is entitled to reversal and a complete acquittal.

**{¶7}** In response, the state asserts that the only issue before this Court is whether robbery, as statutorily defined, can be committed without also committing the offense of receiving stolen property, as statutorily defined. The state explains that receiving stolen property is statutorily defined as a theft offense that must be committed before an offender can be convicted of robbery. Thus, the state concludes that robbery cannot be committed without also committing the offense of receiving stolen property.

**{¶8}** The test of whether one offense is a lesser-included offense of another originated in *State v. Deem,* 40 Ohio St.3d 205, 533 N.E.2d 294 (1988). According to *Deem*,

> An offense may be a lesser included offense of another if (i) the offense carries a lesser penalty than the other; (ii) the greater offense cannot, as statutorily defined, ever be committed without the lesser offense, as statutorily defined, also being committed; and (iii) some element of the greater offense is not required to prove the commission of the lesser offense. (Emphasis deleted.)

*Id.* at 209. However, *Deem* did not address the problem created when analyzing a statute written in the alternative, such as robbery. *Id.*

**{¶9}** To address this problem, the Ohio Supreme Court modified *Deem* in *State v. Smith,* 117 Ohio St.3d 447, 2008-Ohio-1260, 884 N.E.2d 595. In *Smith,* the Ohio Supreme Court applied a broad interpretation of the reasoning found in *Whalen v. United States,* 445 U.S. 684, 100 S.Ct. 1432, 63 L.Ed.2d 715 (1980): "a criminal

statute written in the alternative creates a separate offense for each alternative." *Smith,* at ¶ 27, citing *Pandelli v. United States,* 635 F.2d 533, 537 (6th Cir.1980).

**{¶10}** In expanding *Deem*, the Ohio Supreme Court held that "[i]n determining whether an offense is a lesser included offense of another when a statute sets forth mutually exclusive ways of committing the greater offense, a court is required to apply the second part of the test established in [*Deem*], to each alternative method of committing the greater offense." *Smith,* at paragraph one of the syllabus. "The proper overall focus is on the nature and circumstances of the offenses as defined, rather than the precise words used to define them" *State v. Evans,* 122 Ohio St.3d 381, 2009-Ohio-2974, 911 N.E.2d 889, ¶ 22, citing *State v. Thomas,* 40 Ohio St.3d 213, 216-217, 533 N.E.3d 286 (1988).

**{¶11}** At the outset, we note that the cases cited by Appellant are all pre-*Smith* cases, thus it is questionable whether they hold any precedential value. Regardless, those cases address whether receiving stolen property is a lesser included offense of *aggravated* robbery, which is clearly not the issue before us. Here, we must answer the question of whether receiving stolen property is a lesser included offense of robbery. The question, post-*Smith*, appears to be one of first impression. As noted by the state, it is clear in this matter that the first and third parts of *Deem* are met. Thus, the crux of this case is whether robbery, as statutorily defined, can be committed without the crime of receiving stolen property, as statutorily defined, also being committed.

**{¶12}** The offense of robbery is found within R.C. 2911.02(A), which provides:

No person, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, shall do any of the following:

(1) Have a deadly weapon on or about the offender's person or under the offender's control;

(2) Inflict, attempt to inflict, or threaten to inflict physical harm on another;

(3) Use or threaten the immediate use of force against another.

{¶13} Receiving stolen property is found within R.C. 2913.51(A), which states "[n]o person shall receive, retain, or dispose of property of another knowing or having reasonable cause to believe that the property has been obtained through commission of a theft offense."

{¶14} We begin our analysis by looking to the plain language of R.C. 2911.02(A)(2) and R.C. 2913.01(K)(1). As noted by the state, the relevant language of R.C. 2911.02(A)(2) states that "[n]o person, *in attempting or committing a theft offense * * * shall do any of the following * * *.*" (Emphasis added.) Chapter 2913 of the revised code classifies receiving stolen property as a theft offense. As receiving stolen property is a theft offense and it is impossible for an offender to commit a robbery without committing a theft offense, it follows that a robbery cannot be committed without also committing the offense of receiving stolen property. As each part of the *Deem* test has been satisfied, receiving stolen property is a lesser included offense of robbery.

**{¶15}** Appellant's first assignment of error is without merit and is overruled.

ASSIGNMENT OF ERROR NO. 2

The Trial Court committed prejudicial error when it denied Defendant/Appellant's motion for mistrial because the prosecution violated Defendant/Appellant's rights when it commented on his silence and failure to present evidence.

**{¶16}** As a trial court is entitled to broad discretion in considering a motion for a mistrial, the standard of review on appeal is whether the trial court abused that discretion. *State v. Love*, 7th Dist. No. 02 CA 245, 2006-Ohio-1762, ¶ 19, citing *State v. Schiebel*, 55 Ohio St.3d 71, 564 N.E.2d 54 (1990), paragraph one of the syllabus. The decision to grant a mistrial "is an extreme remedy only warranted in circumstances where a fair trial is no longer possible and it is required to meet the ends of justice." *State v. Bigsby*, 7th Dist. No. 12 MA 74, 2013-Ohio-5641, ¶ 58, citing *State v. Jones*, 83 Ohio App.3d 723, 615 N.E.2d 713 (2d Dist.1992). As such, a mistrial will not be granted "merely because some error or irregularity has intervened, unless the substantial rights of the accused or the prosecution are adversely affected." *Bigsby* at ¶ 58, citing *State v. Lukens*, 66 Ohio App.3d 794, 586 N.E.2d 1099 (10th Dist.1990).

**{¶17}** Appellant contends that the trial court erroneously denied his motion for a mistrial after the prosecutor repeatedly commented in closing argument on Appellant's silence and failure to present evidence at trial. Appellant cites to several

instances of such comments which he urges constitute violations of his Fifth and Fourteenth Amendment rights.

**{¶18}** In response, the state argues that the prosecutor's comments merely highlighted the lack of evidence presented by Appellant and his statements to police, or lack thereof. Even so, the state argues that Appellant's failure to deny his involvement in the offense occurred after he was *Mirandized* and the prosecutor's comments were permissible.

**{¶19}** In the prosecutor's closing statements, he remarked:

Ladies and gentlemen, let's talk about the elephant in the room. I didn't do it. He didn't do it, talking about the defendant. You never heard that, did you? No. You never heard that said. The defendant had the opportunity to do that in Columbus. He's being accused of a robbery up in Boardman, Ohio. He never said I didn't do it. He changed the subject. He never denies doing this.

All these, as defense counsel points out, conjecture, all this stuff he wants you to conjecture, you have to base your decision on what you heard from the stand, not the fantasy stories that he wants you to believe. This is an inside job. Was there any evidence to that? Did they present any evidence? No. They just throw that out there.

(11/10/14 Tr. Trans. Vol. II., pp. 415-416.) The trial court overruled the defense's objection and the prosecutor stated: "When you don't have a good defense, you just throw in the kitchen sink. You throw a bucket full of crap, and you hope something

sticks." *Id.* at p. 424. After a second objection by the defense was overruled, the prosecutor continued: "You never heard that he didn't do it. He was interviewed in Columbus." *Id.* at pp. 424-425. The defense objected a third time, prompting the trial court to warn the prosecutor "you're getting very close." *Id.* at p. 425. Although defense counsel objected several times to the prosecutor's statements, no curative instruction was requested nor given.

**{¶20}** There are two separate issues within this assignment of error: whether the prosecutor improperly commented on Appellant's silence and whether the prosecutor improperly commented on Appellant's failure to present evidence. Beginning, first, with the prosecutor's comments regarding Appellant's silence, the state cites to caselaw from this Court holding that a prosecutor may comment on a defendant's refusal to continue speaking after he has received his *Miranda* warnings.

**{¶21}** The analysis a court must undertake to determine whether a prosecutor's comments on a defendant's silence constitute reversible error depends on whether the defendant had received his *Miranda* warnings and was under arrest. *State v. Chaney,* 7th Dist. No. 08 MA 171, 2010-Ohio-1312, ¶ 29-32, citing *State v. Doyle*, 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976); *State v. Leach,* 102 Ohio St.3d 135, 2004-Ohio-2147, 807 N.E.2d 335. A prosecutor's comments made in closing argument regarding a defendant's protected pre-arrest silence are improper. *State v. Powell,* 132 Ohio St.3d 233, 2012-Ohio-2577, 971 N.E.2d 865, ¶ 160, citing *Griffin v. California,* 380 U.S. 609, 615, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965). At oral argument in this case the state conceded that the record does not show when, or if,

Appellant received *Miranda* warnings. Thus, we must assume that he had not yet been arrested or *Mirandized* when reviewing this issue and we must undertake a *Powell* analysis.

**{¶22}** As previously stated, a prosecutor cannot comment on a defendant's pre-arrest silence. See *Powell, supra.* We note that while "the state may use a criminal defendant's pre-arrest silence to impeach his credibility" *State v. Bajaj,* 7th Dist. No. 13 CO 16, 2005-Ohio-2931, ¶ 98, citing *Jenkins v. Anderson,* 447 U.S. 231, 100 S.Ct. 2124, 65 L.Ed.2d 86 (1980), this exception does not apply, here, as Appellant did not testify. Hence, the state's comments in this matter are clearly improper. That said, violations of a defendant's constitutional right against self-incrimination are subject to a harmless error review. *Powell* at ¶ 162.

**{¶23}** In *Powell,* the Ohio Supreme Court determined that improper comments by a prosecutor amounted to harmless error. The Supreme Court reasoned that first, the trial court immediately sustained a defense objection to the comments and ordered the jury to disregard these comments. *Id.* Second, the prosecutor's comments were brief and isolated. Third, overwhelming evidence was presented to establish the defendant's guilt.

**{¶24}** In the instant case, there were only two instances relevant to Appellant's argument. The trial court twice overruled defense objections aimed at the prosecutor's allusion to Appellant's silence. The comments were fairly brief but not isolated. After objection to his first, more lengthy mention was overruled, the prosecutor again commented, this time more briefly. This time a warning by the trial

court ensued. (11/10/14 Tr. Vol. II, p. 417.) While it is troubling that the trial court failed to sustain the objections and did not instruct the jury to disregard the two comments, in looking at the record as a whole in this case we cannot say that they rose to the level of prejudice. Again, these comments were fairly brief and intertwined within the actual thrust of the prosecutor's argument that the Appellant provided absolutely no evidence regarding his theory that the robbery occurred as a result of some employee of the pharmacy's involvement. Again, while these two statements were improper, in order to find prejudice we must find that the evidence supporting Appellant's conviction was lacking in some regard. This record does not support such a contention.

{¶25} It is unrebutted that Appellant's DNA was found on two of the pill bottles. There was evidence that the pill bottles were original manufacturer bottles that are not given to the general public, and could not have been present as the result of a filled prescription order or for some other reason unrelated to this crime. Although this evidence does not prove that Appellant made the phone call or removed the drugs from the drive-through drawer, and does not support the robbery charge, the evidence more than substantiates Appellant's conviction for receiving stolen property. Consequently, although the prosecutor's comments were improper, in this case they amount to harmless error.

{¶26} As to the prosecutor's comments regarding Appellant's failure to present evidence, a prosecutor "is not prevented from commenting upon the failure of the defense to offer evidence in support of its case." *State v. Williams,* 23 Ohio St.3d

16, 20, 490 N.E.2d 906 (1986), citing *Lockett v. Ohio,* 438 U.S. 586, 595, 98 S.Ct. 2954, 57 L.Ed.2d 973 (1978); *State v. Lane,* 49 Ohio St.2d 77, 86, 358 N.E.2d 1081 (1976), vacated on other grounds.

{¶27} Here, the defense raised the possibility in its opening statement that the incident was an "inside job" rather than a robbery. Throughout the trial, the defense questioned several witnesses as to whether the incident could have been an "inside job." However, each of the relevant witnesses testified that it could not, and the defense did not present any evidence to support its theory. Most of the comments to which defense counsel objected were directed towards highlighting the absence of such evidence. The bulk of the comments made by the prosecutor and to which defense counsel objected pertained to this lack of evidence. As the prosecutor's comments addressed the failure of the defense to support its theory and did not infringe on any of Appellant's rights, these comments were appropriate and the trial court did not err in failing to grant a mistrial on that basis.

{¶28} Appellant's second assignment of error is without merit and is overruled.

### ASSIGNMENT OF ERROR NO. 3

The Trial Court erred in sentencing Defendant/Appellant to serve his sentence consecutive to the sentence of another court and without making the findings required by R.C. 2929.14 because the sentence was clearly and convincingly contrary to law.

**{¶29}** Appellant contends that the trial court failed to make the requisite R.C. 2929.14(C) factors both at the sentencing hearing and within the sentencing entry. The state confesses judgment and agrees that Appellant is entitled to a limited remand for purposes of allowing the trial court to make the requisite findings.

**{¶30}** Pursuant to R.C. 2929.14(C)(4), before a trial court can impose consecutive sentences on a defendant, the court must find:

> [T]hat the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

> (a)  The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section  2929.16,  2929.17, or  2929.18 of the Revised Code, or was under post-release control for a prior offense.

> (b)  At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c)     The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

**{¶31}** A trial court judge must make the consecutive sentence findings at the sentencing hearing and must additionally incorporate the findings into the sentencing entry. *State v. Williams*, 7th Dist. No. 13 MA 125, 2015-Ohio-4100, 43 N.E.3d 797, 806, ¶ 33-34, citing *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 37. The court need not state reasons to support its finding nor is it required to use any "magic" or "talismanic" words, so long as it is apparent that the court conducted the proper analysis. *Id.* citing *State v. Jones*, 7th Dist. No. 13 MA 101, 2014-Ohio-2248, ¶ 6; *State v. Verity*, 7th Dist. No. 12 MA 139, 2013-Ohio-1158, ¶ 28-29.

**{¶32}** A review of the sentencing hearing and sentencing entry reveals that the trial court failed to make the requisite R.C. 2929.14(C) findings. At the sentencing hearing, the only R.C. 2929.14(C) factor that the trial court arguably made is that Appellant's criminal history demonstrates the need for a consecutive sentence. The sentencing entry not only fails to include the requisite findings but also omits any reference to R.C. 2929.14. As such, Appellant's third assignment of error has merit and is sustained.

Conclusion

**{¶33}** Appellant argues that the trial court improperly instructed the jury on receiving stolen property. Pursuant to *Deem* and *Smith*, receiving stolen property is

a lesser-included offense of robbery and the instruction was appropriate. Appellant next argues that the trial court erroneously denied his motion for a mistrial after the prosecutor commented on his silence and failure to present evidence. Although two of the comments were improper, they did not affect Appellant's substantial rights and amount to harmless error. Appellant's conviction is affirmed. However, because the record shows that the trial court failed to consider the R.C. 2929.14(C) factors when it sentenced Appellant to consecutive prison terms, his sentence is vacated in part and this matter is hereby remanded to the trial court for limited resentencing consistent with this Court's Opinion.

Donofrio, P.J., concurs.

DeGenaro, J., concurs.