[Cite as *State v. Sears*, 2023-Ohio-3609.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
MAHONING COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

HENRY SEARS,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 23 MA 0010**

---

Criminal Appeal from the
Court of Common Pleas of Mahoning County, Ohio
Case No. 22 CR 508

**BEFORE:**
Cheryl L. Waite, Carol Ann Robb, David A. D'Apolito, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Gina DeGenova*, Mahoning County Prosecutor and *Atty. Edward A. Czopur*, Assistant Prosecutor, 21 West Boardman Street, 6th Floor, Youngstown, Ohio 44503, for Plaintiff-Appellee

*Atty. Christopher P. Lacich*, Roth, Blair, Roberts, Strasfeld & Lodge, 100 East Federal Street, Suite 600, Youngstown, Ohio 44503, for Defendant-Appellant

Dated: September 29, 2023

---

WAITE, J.

{¶1}   Appellant Henry Sears appeals a January 12, 2023 judgment entry of the Mahoning County Court of Common Pleas.  Appellant challenges only his sentence, arguing that his trial counsel was ineffective for failing to object to a sixty-day deadline to pay restitution and for failing to object to the consecutive nature of his sentence.  Appellant also argues that his sentence is contrary to law because the court failed to consider a community control sentence and imposed consecutive sentences.  For the reasons provided, Appellant's arguments are without merit and the judgment of the trial court is affirmed.

<u>Procedural and Factual History</u>

{¶2}   Due to a plea agreement, there are few facts in the record.  We can determine that on September 8, 2022, Appellant and a codefendant were indicted on multiple theft and drug-related charges.  Specifically, Appellant was charged with two counts of theft, a felony of the fifth degree in violation of R.C. 2913.02(A)(2), (B)(2); one count of petty theft, a misdemeanor of the first degree in violation of R.C. 2913.02(A)(2), (B)(2); and one count of illegal drug use of possession of drug paraphernalia, a misdemeanor of the fourth degree in violation of R.C. 2925.14(C)(1), (F)(1).

{¶3}   On October 12, 2022, Appellant entered into a Crim.R. 11 plea agreement. As part of the agreement, Appellant pleaded guilty to the felony theft charges and the state agreed to dismiss the remaining charges.  The state recommended a community control sentence conditioned on Appellant's payment of $5,000 restitution prior to the sentencing hearing, which was scheduled for December 12, 2022, sixty days after the plea hearing.  After Appellant provided proof of employment, the court released him on a

recognizance bond. At the point of his release, Appellant had fifty-four days remaining in which to pay restitution.

{¶4} At the sentencing hearing, the state alerted the court to a theft allegedly committed by Appellant while he was released pending sentencing. Charges for this theft were pending. The state also informed the court that Appellant had not made any payment towards his restitution. As such, the court sentenced Appellant to one year of incarceration on each count, to run consecutively for an aggregate total of two years. It is from this entry that Appellant timely appeals. For ease of understanding, Appellant's assignments of error are addressed out of order.

## ASSIGNMENT OF ERROR NO. 2

PLEA COUNSEL WAS INEFFECTIVE FOR FAILURE TO REQUEST A SENTENCING DATE MORE THAN SIXTY DAYS FROM THE PLEA HEARING FOR THE DEFENDANT-APPELLANT TO PAY RESTITUTION OR TO ARGUE AGAINST CONSECUTIVE SENTENCES

{¶5} Appellant argues that he received ineffective assistance when two court appointed attorneys failed to object to the court's sixty-day deadline for payment of restitution and to the court's imposition of consecutive sentences. As to restitution, Appellant presumes the court would have granted additional time to pay restitution if his counsel had objected to the sixty-day deadline.

{¶6} The state responds that Appellant knew of his restitution obligation and its impending due date. He expressed no concern about this time period until the sentencing hearing had actually commenced. The state also contends that there is no indication that

an extension of time would have served to change the results of the sentencing proceedings.

**{¶7}** The test for ineffective assistance of counsel is two-part: whether trial counsel's performance was deficient and, if so, whether the deficiency resulted in prejudice. *State v. White*, 7th Dist. Jefferson No. 13 JE 33, 2014-Ohio-4153, ¶ 18, citing *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Williams*, 99 Ohio St.3d 493, 2003-Ohio-4396, 794 N.E.2d 27, ¶ 107. In order to prove prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *State v. Lyons*, 7th Dist. Belmont No. 14 BE 28, 2015-Ohio-3325, ¶ 11, citing *Strickland* at 694. The appellant must affirmatively prove the alleged prejudice occurred. *Strickland* at 693.

**{¶8}** Because an appellant must satisfy both *Strickland* prongs, if one prong is not met, an appellate court need not address the remaining prong. *Id.* at 697. The appellant bears the burden of proof on the issue of counsel's effectiveness, and in Ohio, a licensed attorney is presumed competent. *State v. Carter*, 7th Dist. Columbiana No. 2000-CO-32, 2001 WL 741571 (June 29, 2001), citing *State v. Calhoun*, 86 Ohio St.3d 279, 289, 714 N.E.2d 905 (1999).

**{¶9}** Appellant first asserts that counsel was ineffective due to his failure to object to the sixty-day deadline to pay $5,000 in restitution. Appellant posits that the court would have given him more time to comply had his counsel objected, which would have made it more likely he could have paid the restitution.

{¶10} We must note that Appellant, himself, took no issue with the sixty-day deadline at his plea hearing. The court informed him of the sentencing date and he was given an opportunity to converse with the court regarding his restitution. Even if an objection had been lodged, we cannot speculate whether the court would have entertained granting additional time.

{¶11} Appellant did request an additional two months to pay the restitution at the sentencing hearing, which the court denied. The record reflects that during the 60-day period, Appellant failed to make any payment at all. Since Appellant made no attempt to pay restitution in the 60-day period, it is difficult to imagine granting yet another 60 days would greatly assist payment efforts.

{¶12} At the plea hearing, Appellant introduced evidence that he worked at a meat processing factory which paid between $15 and $22 per hour, giving him the potential to earn $39,520 that year. Appellant argues during the 60 days ordered by the court he would only be able to earn $6,080 before taxes.

{¶13} At his sentencing hearing, Appellant stated that he was employed and earning $18.20 per hour. Appellant's counsel informed the court that he had prioritized paying his bills and past due rent instead of the restitution. Appellant's counsel initially informed the court that he arrived at the sentencing hearing with $400 to pay towards his restitution (well short of the ordered amount). However, Appellant later clarified while he initially had $400 to pay towards the restitution, at the time of his arrest on the theft charge, $300 of that amount had been released to his girlfriend for some type of payment. The record is silent whether Appellant attempted to pay the remaining $100 towards the

restitution amount.  Appellant made no offer of payment towards his restitution amount on the day of the sentencing hearing.

{¶14}  Appellant claimed that he expected a tax refund once he filed his taxes, but the record shows this is entirely speculative.  In any event, Appellant conceded that he prioritized other expenses over his restitution, essentially admitting that meeting a condition required to receive community control was a low priority for Appellant.

{¶15}  According to this record, Appellant failed to make any payment of any amount, casting doubt on his theory that more time would have resulted in a full payment. While Appellant undoubtedly had other expenses during the relevant time period making full restitution difficult, he made no attempt to pay any portion of the amount due.  There is also no evidence that he attempted to contact counsel or the court prior to sentencing when it was clear that he would not be able to make timely payment.

{¶16}  Appellant knew that the state's sentencing recommendation hinged on payment of full restitution.  He knew the deadline for this payment, as it was given at his plea hearing.  Despite this, he made no payments up to and including the date of his sentencing hearing.   There is nothing in this record to support that counsel's representation was in any way substandard when counsel failed to request a longer period in which to pay restitution.  Assuming arguendo Appellant could meet this *Strickland* prong, Appellant's own behavior, not any deficiency on counsel's part, was the reason Appellant was sentenced to jail in this matter.

{¶17}  Appellant also argues that his counsel was ineffective for failing to object to the consecutive nature of his sentences.   While consecutive sentences appears somewhat stringent, as the court was prepared to order a community control sentence

had Appellant complied with restitution, the court retains the discretion to order consecutive sentences so long as the sentence complies with sentencing law. As discussed below, the trial court committed no error regarding imposition of consecutive sentences. Any objection by counsel would have been futile, so this failure to object cannot form the basis for ineffective assistance. Accordingly, Appellant's second assignment of error is without merit and is overruled.

<u>ASSIGNMENT OF ERROR NO. 1</u>

THE TRIAL COURT ERRED AND IMPOSED A SENTENCE CLEARLY AND CONVINCINGLY CONTRARY TO LAW, BY FAILING TO IMPOSE A MINIMUM SENTENCE OF COMMUNITY CONTROL AND RESTITUTION, OR CONCURRENT SENTENCES OF ONE YEAR, INSTEAD OF TWO YEARS OF INCARCERATION

**{¶18}** Appellant seeks a remand to the trial court with instructions to vacate his prison sentence and impose a community control term. In the alternative, Appellant challenges the manner in which the court weighed the felony sentence factors. He believes the court misapplied the R.C. 2929.12 factors. Appellant also challenges the court's imposition of consecutive sentences.

**{¶19}** The state responds by arguing that this Court is limited in its felony sentence review, particularly in the aftermath of *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649. The state contends that this record is devoid of any evidence to demonstrate that the sentence is contrary to law, and the record fully supports the imposition of consecutive sentences.

<u>Case No. 23 MA 0010</u>

**{¶20}** Appellant begins by arguing that the trial court erred in failing to impose community control. While R.C. 2929.13 includes a presumption of community control for felonies of the fifth degree that are not offenses of violence, the statute provides discretion to impose a prison term for a variety of enumerated reasons. Among those reasons is a finding that "[t]he offender violated a term of the conditions of bond as set by the court." R.C. 2929.13(B)(a)(b)(iii).

**{¶21}** In its sentencing entry, the court found that "[Appellant] violated the terms and conditions of his bond." (1/10/23 J.E.) A finding on the record that defendant violated bond is sufficient to uphold a trial court's decision to impose a prison term instead of community control. *State v. Benson*, 7th Dist. Mahoning No. 18 MA 0042, 2019-Ohio-4635, ¶ 13. Thus, the trial court acted within its discretion in imposing a prison sentence in this case.

**{¶22}** Appellant next challenges the court's application of the sentencing factors. "[A]n appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 1.

**{¶23}** A sentence is considered to be clearly and convincingly contrary to law if it falls outside of the statutory range for the particular degree of offense; if the trial court failed to properly consider the purposes and principles of felony sentencing as enumerated in R.C. 2929.11 and the seriousness and recidivism factors set forth in R.C. 2929.12; or if the trial court orders consecutive sentences and does not make the necessary consecutive sentence findings. *State v. Pendland*, 7th Dist. Mahoning No. 19

MA 0088, 2021-Ohio-1313, ¶ 41; citing *State v. Collins*, 7th Dist. Noble No. 15 NO 0429, 2017-Ohio-1264, ¶ 9; *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 30.

**{¶24}** A court of appeals is limited in its review of a felony sentence. The Ohio Supreme Court has somewhat modified an appellate court's review of felony sentences in *Jones, supra*. The *Jones* Court clarified the standard of review for felony sentences that was previously announced in *Marcum*. In *Marcum*, the Court held "that R.C. 2953.08(G)(2)(a) compels appellate courts to modify or vacate sentences if they find by clear and convincing evidence that the record does not support any relevant findings under 'division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code.' " *Marcum*, *supra*, at ¶ 22. The *Jones* Court did not overrule *Marcum*, but clarified dicta to reflect that "[n]othing in R.C. 2953.08(G)(2) permits an appellate court to independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12." *Jones, supra*, at ¶ 42.

**{¶25}** There is nothing to support an argument that Appellant's sentence falls outside the statutory range. The record is likewise replete with evidence that the trial court weighed the appropriate factors. In accordance with *Jones,* we cannot independently weigh those factors and substitute our own judgment.

**{¶26}** As to the imposition of consecutive sentences, pursuant to R.C. 2929.14(C)(4), before a trial court can impose consecutive sentences on a defendant, the court must find:

[T]hat the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

**{¶27}** A trial court must make the consecutive sentence findings at the sentencing hearing and must additionally incorporate the findings into the sentencing entry. *State v. Williams*, 2015-Ohio-4100, 43 N.E.3d 797, ¶ 33-34 (7th Dist.), citing *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 37. The court is not required to state

Case No. 23 MA 0010

reasons in support nor is it required to use any "magic" or "talismanic" words, so long as it is apparent that the court conducted the proper analysis. *Williams* at ¶ 34, citing *State v. Jones*, 7th Dist. Mahoning No. 13 MA 101, 2014-Ohio-2248, ¶ 6; *State v. Verity*, 7th Dist. Mahoning No. 12 MA 139, 2013-Ohio-1158, ¶ 28-29.

**{¶28}** The Ohio Supreme Court has recently readdressed consecutive sentence review. *State v. Gwynne*, -- Ohio St. 3d --, 2022-Ohio-4607, -- N.E.3d --.  As to the standard of review, the *Gwynne* Court held that:

> The evidentiary standard for *changing* the trial court's order of consecutive sentences is not deference to the trial court; the evidentiary standard is that the appellate court, upon a de novo review of the record and the findings, has a "firm belief" or "conviction" that the findings – the criteria mandated by the legislature to be met before the exception to concurrent sentences can apply – are not supported by the evidence in the record.

*Id.* at ¶ 23, citing *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 22; see also *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954).

**{¶29}** R.C. 2953.08(G)(2) does not require the high level of deference that comes with an abuse of discretion standard of review.  This type of deference would permit a court of appeals to modify a defendant's sentence or to vacate the sentence and remand only when no sound reasoning process can be said to support the decision, or where the trial court exhibited an arbitrary or unconscionable attitude when it imposed the consecutive sentences.  *Gwynne* at ¶ 19, citing *AAAA Ents., Inc. v. River Place*

Case No. 23 MA 0010

*Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990); *Huffman v. Hair Surgeon, Inc.*, 19 Ohio St.3d 83, 87, 482 N.E.2d 1248 (1985).

**{¶30}** The *Gwynne* Court provided "practical guidance on consecutive-sentence review." *Id.* at ¶ 24. The Court explained that a consecutive sentence review is two-fold: first, we are to determine whether the record contains the requisite R.C. 2929.14(C) findings. *Id.* at ¶ 25. Second, "[i]f the appellate court determines that the R.C. 2929.14(C)(4) consecutive-sentence findings have been made, the appellate court may then determine whether the record clearly and convincingly supports those findings." *Id.* at ¶ 26. "The point here is that if even one of the consecutive-sentence findings is found not to be supported by the record under the clear-and-convincing standard provided by R.C. 2953.08(G)(2), then the trial court's order of consecutive sentences must be either modified or vacated by the appellate court." *Id.,* citing R.C. 2953.08(G)(2).

**{¶31}** "When reviewing the record under the clear-and-convincing standard, the first core requirement is that there be some evidentiary support in the record for the consecutive-sentence findings that the trial court made." *Id.* at ¶ 28. "The second requirement is that whatever evidentiary basis there is, that it be adequate to fully support the trial court's consecutive-sentence findings. This requires the appellate court to focus on both the quantity and quality of the evidence in the record that either supports or contradicts the consecutive-sentence findings." *Id.* at ¶ 29.

**{¶32}** Appellant does not contend that the trial court failed to make any of the requisite findings. Instead, he claims that the consecutive nature of the sentences is overly harsh. However, the law does not allow us to substitute our judgment for the trial court in this regard. There are statutory guidelines that clearly delineate the process a

court must undertake before it can impose a consecutive sentence. Appellant takes no issue with the court's compliance with that statute.

**{¶33}** The court based the imposition of consecutive sentences on Appellant's criminal history. The record reflects that Appellant has eleven prior convictions in addition to a pending theft offense committed while he was free on bond in the instant case. Most of his prior offenses involve similar conduct, including the offense committed after his release on bond. Based on this record, the court reasonably found Appellant presented a risk to society and that consecutive sentences were necessary to protect the public. Accordingly, Appellant's first assignment of error is without merit and is overruled.

Conclusion

**{¶34}** Appellant challenges only his sentence, arguing that his trial counsel was ineffective for agreeing to payment of restitution by a sentencing date that was sixty days after the plea hearing, and for failing to object to the consecutive nature of his sentence. Appellant also argues that his sentence is contrary to law because the court failed to consider a community control sentence and imposed consecutive sentences. For the reasons provided, Appellant's assignments of error are without merit and the judgment of the trial court is affirmed.

Robb, J. concurs.

D'Apolito, P.J., concurs.

[Cite as *State v. Sears*, 2023-Ohio-3609.]

---

For the reasons stated in the Opinion rendered herein, the assignments of error are overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Mahoning County, Ohio, is affirmed. Costs waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**